IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dennis Maurice Temple, #274802, ) | C/A No. 8:14-3499-JFA-JDA |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| Warden Joseph McFadden, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Dennis Maurice Temple ("Petitioner"), proceeding pro se, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. Petitioner is a prisoner committed to the South Carolina Department of Corrections ("SCDC"), and he is incarcerated at Lieber Correctional Institution. He challenges his conviction of criminal sexual conduct ("CSC"), first degree (two counts), kidnaping, and grand larceny and his sentence of 100 years imprisonment. The Petition is subject to summary dismissal.

Background

In this habeas corpus action pursuant to 28 U.S.C. § 2254, the first one brought by Petitioner to challenge his December 15, 2010, state conviction by a jury, Petitioner raises three grounds for relief. [Doc. 1 at 1, 5–20.] The grounds for relief include the following—trial judge erred by coercing Petitioner to proceed pro se at the trial; trial judge erred by failing to suppress certain evidence; and, the state committed perjury upon the trial court when it contended that Petitioner's case was fast-tracked due to Petitioner's speedy trial motion. [*Id*. at 5–20.] Petitioner alleges that he raised all of the grounds for relief during his direct appeal, and the South Carolina Court of Appeals dismissed it on September 11, 2013. [*Id*. at 2, 5–20.] He further alleges that he raised ground one—trial

judge erred by coercing Petitioner to proceed pro se at the trial—in his state PCR action. [*Id*. at 5–12, 21.] He alleges that he filed his state PCR action on October 15, 2013, and on July 28, 2014, it was "dismissed" but he has not received a final court order and the PCR action is "pending." [*Id*. at 3, 11, 21, 23.] Relying on the state rule that issues raised on direct appeal may not be reasserted in a PCR proceeding, it appears that Petitioner may contend that this federal habeas action should be decided despite the pending state PCR action because he also raised ground one in the direct appeal. [*Id*. at 21.]

This Court takes judicial notice that Petitioner has a PCR action pending in the Oconee County Court of Common Pleas, and the state docket indicates that a hearing was held on July 28, 2014, at 1:00 p.m. and no final court order has been entered. *See* Oconee Cnty. Pub. Index, http://publicindex.sccourts.org/Oconee/PublicIndex/PISearch.aspx (enter "Dennis Temple" and "search," then click "2013CP3700729," and click "Actions") (last visited Sept. 9, 2014); *see also Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

## Standard of Review

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district court. Petitioner filed this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. This statute authorizes the Court to dismiss a case if it is satisfied that the action fails to state a claim on which relief may be granted,

is frivolous or malicious, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Additionally, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2012); *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2012) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

As a pro se litigant, Petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (per curiam). However, even under this less stringent standard, the Petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Discussion

This Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 should be dismissed because Petitioner has not yet exhausted his state court remedies. With respect to his conviction and sentence, Petitioner may seek a writ of habeas corpus under 28 U.S.C. § 2254 only after he has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (noting that a "state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete round of the State's established

3

appellate review process'"). To exhaust state court remedies in South Carolina, a direct appeal may be pursued. *See State v. Northcutt*, 641 S.E.2d 873 (S.C. 2007). If a direct appeal was filed and is ultimately unsuccessful, a petitioner may file an application for post-conviction relief ("PCR") in a court of common pleas. *See* S.C. Code Ann § 17-27-10 *et seq.* (1976); *see also Miller v. Harvey*, 566 F.2d 879, 880-81 (4th Cir. 1977) (noting that South Carolina's Uniform Post-Conviction Procedure Act is a viable state court remedy). If a South Carolina prisoner's PCR application is denied or dismissed by a court of common pleas, a petitioner can file a request for writ of certiorari with a South Carolina appellate court. *See* S.C. Code Ann § 17-27-100 (1976); *Knight v. State*, 325 S.E.2d 535 (S.C. 1985). In fact, if a petitioner's PCR application is denied by a court of common pleas, the petitioner must seek appellate review in the state courts or federal collateral review of the grounds raised in his PCR application may be barred by a procedural default. *See Longworth v. Ozmint*, 377 F.3d 437, 447–48 (4th Cir. 2004) (finding that exhaustion requires state prisoners to complete at least one complete round of the state's established appellate review process by presenting the ground for relief in a face-up and square fashion).

Petitioner contends that he filed an unsuccessful direct appeal in state court, and, thereafter, he filed a state PCR action. Petitioner seems to allege that he exhausted grounds two and three of his § 2254 Petition by raising them in state court on direct appeal. As to ground one of his § 2254 Petition, he contends that he raised it in the pending state PCR action. He seems to contend that because he also raised his federal ground one in the state direct appeal, he improperly asserted it in the state PCR action. If Petitioner had

4

elected to proceed directly to a federal habeas action after his direct criminal appeal, he may have been permitted to do so because he allegedly had exhausted all grounds for relief during the direct appeal. *See Wolfe v. Weisner*, 488 F.3d 234, 238 n.5 (4th Cir. 2007) (even if a petitioner did not exhaust a claim during the PCR process, it may be exhausted because it was presented and ruled upon by the state high court on direct appeal). However, Petitioner chose to pursue a PCR action, and it is still pending. *See* S.C. Code Ann § 17-27-10 (1976) (explaining that certain persons *may* institute a PCR action). Even assuming that the state PCR court may have ruled from the bench that it will dismiss the PCR action,[1] no final order has been entered. Moreover, no appeal from the PCR decision has been filed in a state court. Thus, at this point there does not appear to be the absence of available state corrective process. *See* 28 U.S.C. § 2254(b)(1)(B). The pending PCR action gives the state court a chance to provide Petitioner possible relief.[2] Accordingly, Petitioner has not yet exhausted his state remedies.

The United States District Court for the District of South Carolina should not keep this case on its docket while Petitioner is exhausting his state remedies.[3] *See Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D.N.C. 1981) ("When state court remedies have

---

[1] This is a reasonable inference because Petitioner alleges he was at the hearing, and he believes the judge dismissed the case.

[2] Additionally, although Petitioner's briefs filed in the state direct appeal and in the state PCR action are not before the Court, it is possible that ground one is worded differently in the PCR action from the wording on direct appeal. In other words, Petitioner may have pursued different legal claims based on similar facts.

[3] There are specific time limitations for filing a habeas action in this federal court pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d).

5

not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition.").

### Recommendation

Accordingly, it is recommended that this action be dismissed without prejudice and without requiring the Respondent to file an answer or return.  **Petitioner's attention is directed to the important notice on the next page.**

                              s/ Jacquelyn D. Austin
                              United States Magistrate Judge

September 9, 2014
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).